FILED
United States Court of Appeals
Tenth Circuit

February 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD DEWAYNE MILLER,

        Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

        Respondent - Appellee.

No. 12-5185
(D.C. No. 4:09-CV-00305-GKF-PJC)
(N.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ, ANDERSON**, and **MURPHY,** Circuit Judges.

Applicant Ronald Dewayne Miller, proceeding pro se and *in forma pauperis*, seeks a certificate of appealability (COA) to appeal the denial by the United States District Court for the Northern District of Oklahoma of his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2254 application). We deny a COA and dismiss the appeal.

## I.    BACKGROUND

In 2006 Applicant was convicted in Oklahoma state court on two counts of sexually abusing a minor and one count of furnishing alcohol to a minor. He appealed the convictions and sentences to the Oklahoma Court of Criminal

Appeals (OCCA). Two grounds for appeal are relevant here. First, Applicant argued that comments by the prosecutor during closing argument improperly vouched for the victim's credibility. He identified four comments: (1) "She's making every effort to be honest. To recall. She's trying to tell you to the best of her ability this is what happened to me." R., Vol. 1 at 51–52 (Br. of Aplt. at 5–6, *Miller v. State*, No. F-2006-1060 (Okla. Crim. App. July 3, 2007)) (internal quotation marks omitted). (2) "She stayed in that shelter because you know why? It happened." *Id.* at 52 (emphasis and internal quotation marks omitted). (3) "Unfortunately, in these types of cases, there's rarely other evidence." *Id.* (brackets and internal quotation marks omitted). (4) "Do you think the state prosecutes people who don't abuse their children?" *Id.* (internal quotation marks omitted). He argued in the alternative that his counsel's failure to object to these comments rendered counsel's performance constitutionally deficient.

Second, Applicant argued that questions by the trial judge during voir dire bolstered the victim's credibility and aroused societal alarm, thereby depriving him of a fair trial. In support of this claim, he pointed to questions concerning how prospective jurors would feel about a witness who is uncomfortable testifying to sexual abuse, and to questions concerning whether they thought that crime is a problem in the community. And he again added that his counsel's failure to object to the questions constituted ineffective assistance.

The OCCA affirmed. It held that Applicant had failed to show plain error in the prosecutor's comments, that Applicant had not shown prejudice from his counsel's failure to object to the comments, that the trial judge's voir dire questions had not bolstered testimony or aroused societal alarm, and that Applicant had "failed to show either that defense counsel's performance in [not objecting to the questions] was deficient or a reasonable probability that the outcome of the trial would have been different if counsel would have objected." *Id.* at 86 (Summ. Op. at 2, *Miller*, No. F-2006-1060 (Okla. Crim. App. Mar. 17, 2008)).

Later, Applicant sought postconviction relief in state court on the grounds of ineffective assistance of appellate counsel and actual innocence. The trial court denied relief, and the OCCA affirmed the denial.

On May 21, 2009, Applicant filed his § 2254 application in district court, asserting three grounds for relief: (1) prosecutorial misconduct (and ineffective assistance of counsel in failing to object to the alleged misconduct); (2) improper voir dire questioning by the trial judge (and ineffective assistance of counsel in failing to object to the questions); and (3) actual innocence. The court denied relief. In this court Applicant pursues his claims of prosecutorial misconduct, ineffective assistance of counsel in failing to object to the alleged prosecutorial misconduct, and improper voir dire questioning by the trial judge.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Therefore, because the OCCA adjudicated each of Applicant's claims on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

We now turn to the claims for relief Applicant pursues in this court. As instances of prosecutorial misconduct, Applicant's brief in this court points to the same comments as did his brief on direct appeal to the OCCA. With one exception, we agree with the district court that, read in context, "the prosecutor's comments were proper comments on the evidence rather than improper vouching for [the victim's] credibility," R., Vol. 1 at 162 (Op. & Order at 6, *Miller v. Province*, No. 09-CV-305-GKF-PJC (N.D. Okla. Oct. 25, 2012)), and that therefore AEDPA requires denial of relief with respect to those comments. The exception is the prosecutor's rhetorical question, "[D]o you think the State

prosecutes people who don't abuse their children?" *Id.* That comment, which refers to the decision to prosecute, was not tied to the evidence at trial; after all, the decision to prosecute predates the trial. The comment clearly insinuated that the prosecutor had personal knowledge of guilt aside from hearing the trial evidence. This was highly improper. *See Lawn v. United States*, 355 U.S. 339, 359 n.15 (1958) (implying that prosecutor's statements would have been improper if he had insinuated that they were "based on personal knowledge or on anything other than the testimony of [the] witnesses given before the jury"); *United States v. Lopez-Medina*, 596 F.3d 716, 740 (10th Cir. 2010) ("The cardinal rule of closing argument is that counsel must confine comments to evidence in the record and to reasonable inferences from that evidence." (brackets and internal quotation marks omitted)). Nevertheless, we cannot say that the OCCA unreasonably determined that Applicant had failed to show that the remark deprived him of a fair trial or that he was prejudiced by his counsel's failure to object to it. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (defendant claiming prosecutorial misconduct must establish that "the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process" (internal quotation marks omitted)); *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (defendant claiming ineffective assistance of counsel must establish that he suffered prejudice, meaning that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different"). Thus, we deny a COA on Applicant's claims of prosecutorial misconduct and ineffectiveness of counsel.

As to Applicant's challenge to the voir dire questions by the trial judge, he has not persuaded us that there is anything debatable about the district court's rejection of this claim. The Supreme Court has "stressed the wide discretion granted to the trial court in conducting voir dire in . . . areas of inquiry that might tend to show juror bias." *Mu'Min v. Virginia*, 500 U.S. 415, 427 (1991). Applicant has not cited to this court any case authority prohibiting the judge's questions. We deny a COA on this issue.

## III.  CONCLUSION

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge